W. M. HINES v. J. S. HOLLAND

(No. 1865.)

APPEAL from Washington County. Opinion by WILLSON, J.

O. L. EDDINS, counsel for appellant.

No counsel appeared for appellee.

**§ 99.** *Stenographer; construction of statute in relation to appointment of; case stated.* Upon the trial of this case, the court, upon the request of appellant, who was the defendant in the court below, appointed one Campbell to take the testimony down in writing. Campbell took down in writing a portion of the testimony, when the court becoming impatient at the delay in the trial caused by the slowness of Campbell in writing the testimony, said Campbell not being a stenographer, discharged him, and informed the defendant that if a stenographer could be procured the court would appoint him to take down the testimony, but there being no stenographer produced, the trial was proceeded with without having the remainder of the testimony reduced to writing as it was delivered. This action of the court was duly excepted to and is assigned as error. *Held:* Our statute provides that "For the purpose of preserving a statement of the evidence given on the trial of a cause, the court may, and upon application of either party shall, employ a stenographer or other competent person to take down the testimony in the case." [R. S. art. 1295.] A reasonable construction must be placed upon this provision. It certainly does not mean that the court shall appoint a stenographer or other competent person when there is none such to be had, or that a trial should be unreasonably delayed to obtain such a person. If such a person could be readily obtained, it would be the duty of the court to appoint him, and a refusal to make such appointment would be error. But even in that case the error would not be reversible, unless it be made to appear that, by reason thereof, the party complaining has probably been injured. In this case it is not shown that Campbell was competent to take down the testimony. We presume that he was not, as the trial was being delayed on account of his slowness. If incompetent the court did not err in discharging him. Nor is it shown by the bill of exceptions that any competent person could readily have been obtained to perform the

service. As the matter is presented to us we perceive no error in the action of the court. But even if there be error, it does not appear that appellant has in any way been prejudiced thereby. We find in the record a statement of the facts proven on the trial, signed, certified and filed in due form and time, and it is not even pretended that such statement is not full, fair and correct.

§ 100. *Judgment for costs in lower court does not embrace costs in court of appeals.* The judgment in the county court is that Holland recover of Hines "all costs in this behalf incurred." This judgment was not intended to, and does not, include the costs incurred on a former appeal of this case to the court of appeals, but only the costs incurred in the justice's and county courts. The costs of the former appeal to this court were, in this court, adjudged against Holland, the present appellee, and over such costs the county court has no control. They are not costs which Holland can recover from Hines. There is no error in the judgment in this respect, nor in any other, and it is

January 30, 1886.                               Affirmed.